UNITED STATES of America, Appellee

v.

**Bobby Lee ELLIOTT, Appellant.**

No. 14–3065.

United States Court of Appeals, District of Columbia Circuit.

Dec. 18, 2015.

Elizabeth Harper Danello, James Anderson Ewing, Esq., Elizabeth Trosman, Esq., U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Sylvia Royce, Law Office of Sylvia Royce, Washington, DC, for Defendant–Appellant.

Before: HENDERSON, PILLARD and WILKINS, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and oral argument of counsel. The Court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

A jury convicted appellant Bobby Lee Elliott of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). On appeal, Elliott challenges only his convictions for the two firearm offenses. He contends that the government presented insufficient evidence to prove that he constructively possessed the firearm found in the apartment where he was arrested. We review Elliott's unpreserved sufficiency challenge for plain error. *See United States v. Bostick,* 791 F.3d 127, 142 (D.C.Cir.2015). Finding no such error on this record, we affirm his convictions.

"When assessing the sufficiency of the evidence, we ask 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Boyd,* 803 F.3d 690, 692 (D.C.Cir.2015) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). To establish constructive possession, the government must prove that Elliott "knew of, and was in a position to exercise dominion and control over," the firearm. *See id.* (internal quotation marks omitted). "Although mere proximity to a gun is insufficient to establish constructive possession, evidence of some other factor—including connection with a gun, proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise—coupled with proximity may suffice." *United States v. Alexander,* 331 F.3d 116, 127 (D.C.Cir.2003) (internal quotation marks omitted). Viewing the trial evidence in the light most favorable to the government, a rational jury could have concluded that Elliott constructively possessed the firearm seized during his arrest. That conclusion could have rested on his sole occupancy of the apartment where the firearm was found, the connection between the firearm and Elliott's drug dealing operation, and his motive for possessing the firearm to protect his large stash of crack cocaine.

A rational trier of fact could have found that Elliott was the only resident of the apartment where officers seized the firearm. According to unrebutted trial testimony, Elliott was alone in the apartment during his arrest, and officers found in the apartment an envelope that listed Elliott's full name and the apartment's address as the return address, an employee identification badge bearing Elliott's name, and another envelope with "Bobby" written on it. Contrary to Elliott's assertion, the record is devoid of evidence showing that anyone other than Elliott occupied the apartment. The apartment contained a bedroom with only one bed. A second room, which could have been used as another bedroom if there had been multiple residents of the apartment, was "sparsely furnished." Trial Tr. 47 (Apr. 23, 2014). That second room had no "beds of the sort" seen in the first bedroom, *id.* at 58, and appeared to be used for storage, *see id.* at 70. Accordingly, the jury reasonably could have inferred that Elliott lived alone in the apartment and could have considered his solo residence as support for its conclusion that he constructively possessed the firearm found in a bedroom closet. *See, e.g., United States v. Morris,* 977 F.2d 617, 620 (D.C.Cir.1992) (holding that evidentiary record supported "a reasonable inference that [defendant] lived in the apartment and, therefore, exercised constructive possession over its contents").

A reasonable juror also could have found that Elliott possessed the firearm to support his drug dealing operation. The trial

evidence established that Elliott possessed over $14,000 in crack, and he does not challenge his conviction for drug possession with intent to distribute. In the same closet as a digital scale with apparent cocaine residue on it, officers found a loaded firearm. The proximity of the firearm to the digital scale reasonably could support the inference that those things were hidden together because they were used together. In addition, the government's expert testified at trial that the amount of crack that Elliott had with him on the bed was inconsistent with personal drug use. The expert further testified that drug dealers with large amounts of illegal narcotics, or cash from their sale, do not as a practical matter rely on the police for protection and thus have a strong motive to keep a firearm at hand to guard against robbers. Because the record and expert testimony show that Elliott exercised dominion and control over a large quantity of drugs and suggest a motive for someone in his situation to possess a firearm to protect his drug dealing operation, a rational jury could find that Elliott constructively possessed the firearm found in his apartment. *See, e.g., United States v. Booker,* 436 F.3d 238, 242 (D.C.Cir.2006); *United States v. McLendon,* 378 F.3d 1109, 1113 (D.C.Cir. 2004) (recognizing that "guns and drugs go together in drug trafficking").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.